UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SERGIO PEDRAZA, | ) | 1:07-CV-01710 OWW GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| PEOPLE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

On May 18, 2005, Petitioner was convicted in the Kern County Superior Court of robbery and receiving stolen property in violation of Cal. Penal Code §§ 212.5(c), 667(a). Allegations that Petitioner had suffered ten prior strike convictions were found to be true. Petitioner was sentenced to serve an aggregate indeterminate term of sixty years to life in state prison.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District

---

[1] This information is derived from the petition for writ of habeas corpus.

(hereinafter "Fifth DCA").  On August 22, 2005, the Fifth DCA affirmed the judgment. <u>See</u> Exhibit 2, Petition.  Petitioner then filed a petition for review in the California Supreme Court. On October 25, 2006, the California Supreme Court denied review. <u>See</u> Exhibit 3, Answer.

On November 26, 2007, the instant federal petition for writ of habeas corpus was received in this Court. The petition contains the following two grounds for relief: 1) "Information communicated to police officer failed to furnish him with probable cause to detain Petitioner and search his belongings and should have sustained timely defense counsel's objection at hearing on motion to suppress, was not harmless error thus violated Petitioner's rights under 4th and 14th Amends. to U.S. Const."; and 2) "Petitioner was denied the right to a jury trial on issue of his identity as the perpetrator of strike prior convictions used as basis for sentencing enhancement violated his rights under <u>Apprendi v. New Jersey</u> (2000) 530 U.S. 466 and his 6th and 14th Amends. rights under U.S. Const."

**DISCUSSION**

<u>I. Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

<u>II. Failure to State a Cognizable Federal Claim</u>

A.  <u>Unreasonable Search</u>

In his first claim for relief, Petitioner contends he was denied due process under the Fourth Amendment when he was subjected to an unreasonable search and seizure. He alleges the information provided to the arresting officer by police dispatch was insufficient to provide the officer

with reasonable suspicion to detain Petitioner and search his belongings.  Petitioner argues the trial court erroneously denied the motion to suppress.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue.  Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994).  The only inquiry this Court can make is whether Petitioner had a fair opportunity to litigate his claim, not whether Petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement.  Stone, 428 U.S. at 492.  However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28.  Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing in the Kern County Superior Court. After hearing argument from the prosecution and the defense, the trial court denied the motion.  The Court finds that the state court provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim.  Stone, 428 U.S. at 494. Pursuant to Stone v. Powell, the Court cannot grant habeas relief.  The claim should be dismissed with prejudice.

B.  Right to Jury Trial on Issue of Petitioner's Identity

In his second claim for relief, Petitioner alleges he was denied his right to a jury trial on the issue of his identity as the individual who committed the strike priors of which Petitioner was charged.  An error that violates a defendant's rights under the Constitution requires automatic reversal if it constitutes a "structural defect" in the trial. Arizona v. Fulminante, 499 U.S. 279, 310 (1991). Depriving a defendant of his right to a jury trial would constitute such structural error. Therefore, if Petitioner's argument is valid and structural error occurred, automatic reversal would be required in this case.

As Petitioner correctly points out, in Almendarez-Torres v. United States, 523 U.S. 224, 243-247 (1998), the Supreme Court held that a prior conviction that is used as a sentencing enhancement is not subject to a requirement that a jury find it true beyond a reasonable doubt. In Apprendi v. New Jersey, 530 U.S. 466, 489-490 (2000), the Supreme Court acknowledged that Almendarez-Torres may have been incorrectly decided because it permitted a court to increase a defendant's sentence for a prior conviction that was not mentioned in the indictment.  However, the Court decided not to revisit Almendarez-Torres and classified recidivism as a "narrow exception" to the general rule announced in Apprendi. Id. Thus, while Petitioner correctly argues that Apprendi "casts doubt on the continuing viability of Almendarez-Torres," Almendarez-Torres remains good law "unless and until [it] is overruled by the Supreme Court." United States v. Pacheco-Zepeda, 234 F.3d 411, 414 (9th Cir.2000), *amended,* 2000 WL 33156290 (9th Cir. Feb. 8, 2001), *cert. denied*, 121 S.Ct. 1503 (2001). Moreover, in this case, Petitioner was charged in the indictment with ten strike priors and it was the jury which found the strike allegations to be true. Therefore, Petitioner's claim does not even call into question the concerns raised in Apprendi.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DENIED with prejudice.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party may file written objections with the
2  court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
4  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
5  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
6  parties are advised that failure to file objections within the specified time may waive the right to
7  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **December 5, 2007**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE